### STEWART *v.* BATES *et al.*

(*Supreme Court, General Term, Fifth Department.* June 21, 1889.)

NEW TRIAL—DISCRETION OF COURT.

An action in ejectment had been four times tried, each time by a different referee. Three of the trials were on the merits, two of which resulted in favor of plaintiff, and on the other evidence was admitted in favor of defendants which the supreme court held to be incompetent. The questions mooted were wholly questions of fact. *Held,* that it was proper to deny defendants' application for another new trial, based wholly upon the assumption that the merits of the controversy were with the defendants.

Appeal from an order of the special term denying defendants' motion for a second new trial under the statute.

*F. L. Durand,* for appellants.   *E. Harris,* for respondent.

DWIGHT, J.   The action was ejectment, and the defense was an alleged equitable title in the defendants' testator.   It has been four times tried, each time by a different referee.   On the first trial, the evidence offered on the part of the defense was excluded, and the judgment then entered was reversed for error in that ruling.   On the second trial, before the late Hon. David Rumsey, the merits were fully heard, and a report was made in favor of the plaintiff.   The defendants' testator, then living, took a new trial as matter of right. The new trial was first had before the Hon. Linus W. Thayer, of Warsaw, who reported in favor of the defendants, but the judgment entered on his report was reversed for error in the admission of evidence.   The fourth referee was the Hon. George T. Spencer, of Corning.   He excluded the evidence, the admission of which by Mr. Thayer was held to be error, and reported in favor of the plaintiff.   The motion, from the denial of which this appeal was taken, was addressed to the favor of the court.   In the affidavits upon which it was founded there was no allegation of prejudice, partiality, or misbehavior on the part of the referee,—of the omission of any evidence on the last trial, nor of evidence since obtained, nor of any fact or state of fact which renders it probable that the result of another trial would be different from that of the last.   The motion was based wholly upon the assumption that the merits of the controversy are with the defendants, and that justice will be promoted by still another trial of the issues.   But how are they to satisfy the court that such is the case?   The action has been three times tried on the merits by learned, capable, and impartial referees, the questions mooted have been wholly questions of fact; and of the three trials two have resulted in favor of the plaintiff.   The one instance in which the result was otherwise was when evidence was admitted for the defendants which this court held to be incompetent.   Should a fourth trial on the merits, before another referee, result in a report for the defendants, the *status* presented would be that of two reports on one side and two on the other,—a condition of things which would seem to call for a fifth trial more strongly than a fourth is called for at present.   We do not see that any good reason is shown why another trial should be had.   The issues of fact in this case cannot be determined by an appellate court.   The parties have chosen for that purpose the tribunal of a reference.   They have had the two trials which the law awards as of right to parties contesting the title to land; and of both of these trials the result, when not vitiated by error, has been the same.   "It concerns the state that there should be an end of litigation."   We think the order denying the motion for a second new trial must be affirmed.   All concur.   So ordered.